**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LARRY D. MULDROW**                                                                                           **PLAINTIFF**

v.                                        NO. 4:07-CV-00033 GTE

**UNITED STATE OF AMERICA;
ROBERT E. PFLAGER, in his official capacity                          DEFENDANTS**

**ORDER**

Before the Court is the *pro se* Plaintiff's Application to Proceed *In Forma Pauperis*. All of Plaintiff's claims appear to be untimely filed. If so, the action must be dismissed. Additionally, if any claims survive it appears likely that judicial economy will require that such claims be consolidated with an action previously filed by Plaintiff and pending before another federal court in this district. For both reasons, the Court postpones ruling on Plaintiff's in forma pauperis motion until these issues can be addressed.

**I.     Overview of Plaintiff's Complaint and First Amended Complaint**

On January 16, 2007, Plaintiff Larry Muldrow filed a Complaint entitled "Federal Tort Claims Act Complaint." On January 29, 2007, he filed a First Amended Federal Tort Claims Act Complaint. It appears that Plaintiff is seeking relief pursuant to the Federal Tort Claims Act, 42 U.S.C. 1346(b). It further appears that Plaintiff may be seeking to raise a claim pursuant to 42 U.S.C. §§ 1981, 1983 as well as a supplemental state law claim under Arkansas state law for intentional infliction of emotional distress.

Plaintiff Muldrow is also the plaintiff in a previously filed action that appears related to this action and which remains open and is pending before The Honorable George Howard, Jr. *See Muldrow v. Donald Rumsfeld, Secretary, Department of Defense*, Case No. 4:04-cv-778 (E.D. Ark.)(hereinafter referred to as the "Termination Lawsuit"). In the Termination Lawsuit, Mr.

Muldrow claims that Robert Pflager wrongfully discharged him from his position as a Loss Prevention Associate at the Arkansas Army and Air Force Exchange Service (AAFES), Little Rock Air Force Base Exchange, because of his disability and his race .

In the proposed First Amended Complaint before this Court, Mr. Muldrow mentions his termination in several places.  In paragraph seventeen of the First Amended Complaint he alleges that Robert E. Pflager was not trained and supervised adequately to refrain from "Disproportionate Separation for Cause of African American employees, which Plaintiff was a member." (Doc. # 3, p. 4).  He has even attached documents filed previously in the Termination Lawsuit.  For example, Plaintiff has included in this action an Affidavit filed in connection with a summary judgment motion in the Termination Lawsuit. (See Doc. # 3, pp. 24-28).  Plaintiff also claims damages in this action for "mental anguish, humiliation, and indignation due in part to the embarrassment of being Separated for Cause."  (Doc. # 2 at p. 5).

It appears, although the Court can not be entirely sure, that Plaintiff's proposed First Amended Complaint may be based on events other than his termination.  Plaintiff mentions that he was subjected to some sort of "racially discriminatory encounter" while on the grounds of the Little Rock Air Force Base.  The Court is uncertain as to whether this encounter was part and parcel of his termination  or whether it was a separate and independent incident.

Plaintiff has attached to his original Complain in this case a letter demonstrating that he presented or attempted to present an administrative claim under the Federal Tort Claim Act.  The letter demonstrate that his administrative claim was limited to an event that occurred on June 22, 2000. (See Administrative Claim attached to Plaintiff's Complaint, Doc. # 2, at p. 8).  This Court may not consider a claim under the Federal Tort Claims Act unless such claim was first presented to the appropriate federal agency.  This requirement is a jurisdictional prerequisite and may  not be waived.  *McNeil v. United States*, 508 U.S. 106 (1993).  Accordingly, Plaintiff's claims under the

Federal Tort Claims Act are limited to the events that occurred on June 22, 2000. [1]

## II.     Screening Requirement

District courts are required to carefully screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915.  More specifically, 28 U.S.C. § 1915(e)(2)(B) states that a court shall dismiss an action in which a party is proceeding *in forma pauperis* if the court determines that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Thus, the Court is required by statute to examine the claims Plaintiff proposes to file prior to granting him permission to proceed without the normally required civil filing fee.

## III.    Limitations Issue

It is a general principle of federal civil procedure that courts can raise affirmative defenses *sua sponte* if it '"is so plain from the face of the complaint that the suit can be regarded as frivolous; and the district judge need not wait for an answer before dismissing the suit."' *World Church of Creator v. Te-Ta-Ma Truth Foundation-Family of URI, Inc.*, 239 F.Supp.2d 846, 847 (C.D.Ill. 2003)*(citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002)).  The Eighth Circuit has approved the *sua sponte* dismissal of a civil complaint as frivolous under § 1915 when it was apparent that the statute of limitations had run.  *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992)(per curiam).

Plaintiff asserts legal claims in this lawsuit related to events occurring in January 2000 and June 2000.[2]  Plaintiff's claims under 42 U.S.C. § 1981, § 1983 and his Arkansas state law tort claim

---

[1] The Court is not entirely certain as to what that event was, whether it was related to his termination, and if so, how.  As noted below, the Court is requesting that Plaintiff provide more factual information regarding the events of June 22, 2000.

[2] Plaintiff alleges that "he has been a prisoner of the Defendant(s) from 02 Jan 2000, where he was racially selected for discriminatory animus and motives."  (Doc. # 3, at p. 8, ¶ 32).

are all governed by a three year limitations periods. *See* Ark. Code Ann. § 16-56-105(3); *Wycoff v. Menke*, 773 F.2d 983, 984 (1985). Plaintiff's claim under the Federal Tort Claims Act ("FTCA") is governed by a two year limitations period. 28 U.S.C. § 2401(b).

Plaintiff filed the Termination Lawsuit on August 6, 2004, yet waited until January 16, 2007 to file this lawsuit. All of Plaintiff's claims in this action appear to be untimely filed. With regard to Plaintiff's proposed FTCA claim, it appears that Plaintiff's administrative claim was denied solely due to its untimeliness. The letter denying the claim, which is attached as an exhibit to Plaintiff's original Complaint, states:

> You stated the date of incident was 22 June 2000, yet did not file your administrative claim until 12 July 2006. You stated that you did not file a timely claim because you were not aware of your due process rights until 19 January 2005. The Supreme Court has held that a Federal Tort Claim accrues when the Claimant knows of the injury's existence and its cause, rather than its legal implications. *U.S. v. Kubrick*, 444 U.S. 11 (1979).

(Letter dated 12-7-2006, Exh. 2, p. 8).

Plaintiff appears to recognize that his claims may be stale because he has attempted to invoke various tolling doctrines in an apparent attempt to justify his late filing. He mentions equitable tolling and fraudulent concealment. He alleges insufficient facts, however, to justify application of any tolling theory.

Plaintiff is hereby placed on notice that it appears that all of his claims appear to be untimely filed. If Plaintiff disagrees, he is directed to file with the Court a statement setting forth any and all facts to permit the application of a tolling theory. Plaintiff is directed to answer the following questions, but he may also bring forward any facts or argument that he contends will justify the application of a tolling theory.

**QUESTIONS TO BE ANSWERED BY PLAINTIFF LARRY MULDROW:**

1. Do you agree that your lawsuit in this case, Case No. 07-cv-00033 GTE, seeks damages for wrongs done to you in January and June of 2000?

    _____ Yes

    _____ No

2. Do you agree that the "wrong" done to you on January 2, 2002 was that your employment was terminated?

    _____ Yes

    _____ No

3. Do you intend in this lawsuit to assert new claims based on your January 2, 2002 termination that you did not assert in the Termination Lawsuit before Judge Howard?

    _____ Yes

    _____ No

4. If the answer to the preceding question, Question 3, is "Yes" then please indicate why you did not pursue these claims in the pending Termination Lawsuit.

5. What happened to you on June 22, 2000 that led you to file a claim under the Federal Torts Claim Act on July 12, 2006? In describing these facts, please indicate who did what to you on this date that you contend was unlawful.

6. Why did you wait until July 12, 2006 to file your administrative claim with the Department of the Air Force?

7. Identify any and all <u>facts</u> that you believe justify extending the normally applicable limitations period.

**Plaintiff shall file a response answering the above seven questions and providing any other information that he contends will justify excusing the untimely filing of his claims. Said**

- 5 -

**response shall be filed with the Court not later than March 16, 2007.**

### IV.   Consolidation Issue

Assuming any actions survive the screening process, it appears that this action and the Termination Lawsuit clearly involve common questions of law or fact. Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Since there are undeniably common questions of law and fact between the two actions, the question is not whether the actions can be consolidated, but whether they should be. Consolidation has historically been "a matter of convenience and economy in administration," *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479 (1933), and its purpose is the avoidance of unnecessary cost or delay. *EEOC v. HBE Corp.,* 135 F.3d 543, 550 (8th Cir.1998). Consolidation is inappropriate if it leads in the opposite direction, "to inefficiency, inconvenience or unfair prejudice to a party." *Id.* at 551. Whether to consolidate actions is vested in the court's discretion. *E.E.O.C. v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D. Iowa 2006). A district court can consolidate actions *sua sponte*. *Bendzak v. Midland Nat. Life Ins. Co.*, __ F.Supp.2d __, 2007 WL 476503 (S.D. Iowa 2007)(citing *Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

A district court's power to consolidate cases under Rule 42(a) "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devli*n, 175 F.3d at 130. While the Court believes it has the inherent authority to raise the issue *sua sponte* and to consolidate this action with the Termination Lawsuit, the Court believes the better practice is to hear from the parties before doing so. Accordingly, Plaintiff is hereby directed to state whether he agrees that consolidating this action with the Termination Lawsuit is appropriate. If not, Plaintiff shall give all reasons why he believes such consolidation would not be beneficial. **Plaintiff shall file such statement not later than March**

**16, 2007.**

## CONCLUSION

For the reasons stated herein,

IT IS HEREBY ORDERED THAT consideration of Plaintiff Larry Muldrow's Application to Proceed *In Forma Pauperis* (Doc. No. 1) be, and it is hereby, postponed. Plaintiff has until **March 16, 2007** to file a written submission answering the questions posed by the Court, presenting any other evidence or argument as to why his claims should not be dismissed as untimely filed, and stating whether he believes consolidation is appropriate for any surviving claims. **Plaintiff is hereby placed on notice that if he fails to timely respond to this Order, his Complaint may be dismissed.**

IT IS SO ORDERED this  20th  day of February, 2007.

_/s/Garnett   Thomas   Eisele_____
UNITED STATES DISTRICT JUDGE